FILED

**NOT FOR PUBLICATION**

NOV 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS HECTOR LOPEZ-NAVARRETE, a.k.a. Louis Hector Lopez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74451 <br><br> Agency No. A013-068-215 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Luis Hector Lopez-Navarrete, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The IJ properly denied Lopez-Navarrete's motion to terminate because Lopez-Navarrete failed to obtain an affirmative statement of prima facie eligibility for naturalization from the government. See *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 933-35 (9th Cir. 2007); 8 C.F.R. § 1239.2(f).

We lack jurisdiction to review the agency's discretionary denial of relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). Lopez-Navarrete's contention that in making its decision the agency failed to consider all the relevant factors is not supported by the record and does not amount to a colorable claim over which we have jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

We lack jurisdiction to consider Lopez-Navarrete's due process claims because he failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**